**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUL 29 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TRACY CROCKETT,

        Plaintiff,

 and

KATHRYN McCOLLUM; et al.,

        Plaintiffs-Appellants,

 v.

NEA-ALASKA; et al.,

        Defendants-Appellees.

No. 19-35299

D.C. No. 3:18-cv-00179-JWS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Submitted July 19, 2021[**]

Before:    SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Kathryn McCollum, David Nees, Carol Carman, Donn Liston, and Timothy

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Plaintiffs' request for oral argument, set forth in the opening brief, is denied.

C. Christopherson appeal from the district court's judgment in their 42 U.S.C. § 1983 putative class action alleging federal and state law claims arising out of agency fees, charitable donations, and union membership dues. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). We may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The parties agree that this court's intervening decision in *Danielson v. Inslee*, 945 F.3d 1096, 1097-99 (9th Cir. 2019), *cert. denied*, 141 S. Ct. 1265 (2021), controls the outcome of this appeal.

The district court properly dismissed the claims of McCollum, Nees, Carman, and Christopherson against NEA-Alaska, Matanuska-Susitna Education Association, and National Education Association ("union defendants") because a public sector union can, as a matter of law, "invoke an affirmative defense of good faith to retrospective monetary liability under section 1983 for the agency fees it collected" prior to the Supreme Court's decision in *Janus v. American Federation of State, County & Municipal Employees, Council 31*, 138 S. Ct. 2448 (2018). *Danielson*, 945 F.3d at 1097-99, 1102-03 (explaining that plaintiffs' claim for monetary relief was damages, not restitution, but "[e]ven accepting Plaintiffs'

2                                                                19-35299

restitutionary premise, the equities do not weigh in favor of requiring a refund of all agency fees collected pre-*Janus*").

Dismissal of Liston's First Amendment claim against the union defendants was proper because the deduction of union membership dues arose from the private membership agreements between the union defendants and plaintiffs, and "private dues agreements do not trigger state action and independent constitutional scrutiny." *Belgau v. Inslee*, 975 F.3d 940, 946-49 (9th Cir. 2020), *cert. denied*, No. 20-1120, 2021 WL 2519114 (June 21, 2021) (discussing state action).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**